**O**

**JS-6**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON C. CANNON TRUST; JASON C. CANNON ESTATE; JAYSON C. CANNON,<br><br>           Plaintiffs,<br>    v.<br><br>AMERICAN HONDA FINANCE CORPORATION; HONDA FINANCIAL SERVICES: HONDA FINANCIAL EXCHANGE CORPORATION, INC.,<br><br>           Defendants. | Case No. 2:16-cv-1237-ODW-SS<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE** |

## I.   INTRODUCTION

Plaintiffs Jason C. Cannon Trust, Jason C. Cannon Estate, and Jayson C. Cannon (hereinafter "Cannon") filed suit in this Court on February 23, 2016. (ECF No. 1.) On the face of the Complaint, Cannon alleges claims for (1) damages to trust and estate property; (2) trespass upon private property; (3) defamation, libel, and slander; (4) "willful wrongful persecution of an unverified, questionable debt;" (5) insurance and banking fraud; (6) discrimination on the basis of race; (7) identity theft; and (8) trademark infringement. (*Id.* 1.) Cannon also alludes to claims for failure to release title, failure to set-off, and violations of the Fair Debt Collection Practices Act

and "Various International Treaties." (*Id.* at 2–4.) The facts necessary to support these claims, however, are not alleged, and the Court finds no basis for subject matter jurisdiction. Therefore, the Court **DISMISSES** the Complaint in its entirety without leave to amend.

## II.  LEGAL STANDARDS

Federal Rule of Civil Procedure 8 sets forth general rules of pleading before federal courts. Complaints are required to present (1) the grounds upon which the court's jurisdiction rests; (2) a short and plain statement of the claim showing entitlement to relief; and (3) a demand for the relief plaintiff seeks. Fed. R. Civ. P. 8. Rule 8 also requires "sufficient allegations to put defendants fairly on notice of the claims against them." *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

Federal courts have subject matter jurisdiction only as authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts have jurisdiction where an action arises under federal law, 28 U.S.C. § 1331, or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, *id.* § 1332(a). The court may dismiss the action *sua sponte* where the court lacks subject matter jurisdiction. *Franklin v. State of Or., State Welfare Div.*, 662 F.2d 1342 1341 (9th Cir. 1981) (citing *Cal. Diversified Promotions, Inc. v. Musick*, 505 F.2d 278, 280 (9th Cir. 1974)). Moreover, where the court lacks subject matter jurisdiction, "it is not required to issue a summons or follow the other procedural requirements." *Loux v. Rhay*, 375 F.2d 55, 58 (9th Cir. 1967).

## III.  DISCUSSION

### A.  RULE 8

Cannon's complaint does not meet the Rule 8 requirements. First, there is no allegation of the basis for this court's jurisdiction in the Complaint. Merely marking

"diversity" as the basis of jurisdiction on the accompanying cover sheet does not establish the jurisdictional basis without a discussion of the citizenship of each party within the complaint itself. (*See* Compl., ECF No. 1.) Second, the Complaint's allegations are not sufficient to put defendants on fair notice of the substance of Plaintiff's claims. *See Conley v. Gibson*, 355 U.S. 41, 47 (1957); *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996) (stating that a complaint should set forth "who is being sued, for what relief, and on what theory, with enough detail to guide discovery"); *see also Richmond v. Nationwide Cassel L.P.*, 52 F.3d 640, 645 (7th Cir. 1995) (amended complaint with vague and scanty allegations fails to satisfy the notice requirement of Rule 8). Cannon offers no facts supporting his allegations, and merely recites the magic words of the causes of action without offering a scintilla of factual support. No defendant can rationally be considered "on notice" when he or she does not have any idea what conduct may or may not have amounted to a violation of federal or state law. The Court therefore, finds the complaint deficient under Rule 8.

**B.    RULE 12(b)(1)**

In addition to its deficiencies pursuant to Rule 8, Cannon's failure to provide support for subject matter jurisdiction dooms the complaint under Rule 12(b)(1).

A federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The plaintiff bears the burden of proof for establishing either diversity of federal question jurisdiction. *See, e.g.*, *Sopcak v. Northern Mountain Helicopter Serv.*, 52 F.3d 817, 818 (9th Cir. 1995); *Thornhill Pub. Co. v. General Tel. & Electronics Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

While Cannon fails to discuss the basis for jurisdiction in this Court, it is clear that diversity jurisdiction does not exist. Plaintiff Jayson C. Cannon claims to be a citizen of Temecula, California. (*See* Cover Sheet, Compl.) Cannon also alleges that Defendant Honda Financial Services is a resident of Orange County, California. (*Id.*) The Supreme Court "ha[s] consistently interpreted § 1332 as requiring complete

diversity: In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005). Here, Cannon alleges that he is a California citizen, and that Defendant Honda Financial Services is also a California citizen. (Cover Sheet, Compl.) Thus, this destroys complete diversity and § 1332 cannot confer jurisdiction.

Jurisdiction, therefore, only exists if Cannon can properly allege federal question jurisdiction. No such federal question exists. Unless a complaint presents a plausible assertion of a substantial federal right, a federal court does not have jurisdiction. *See Bell v. Hood*, 327 U.S. 678, 682 (1945). A federal claim which is so insubstantial as to be patently without merit cannot serve as the basis for federal jurisdiction. *See Hagans v. Lavine*, 415 U.S. 528, 537–38 (1974); *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) ("[A] district court may, at any time, *sua sponte*, dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion."). While a less stringent examination is afforded pro se pleadings, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a simple reference to federal law does not create subject matter jurisdiction. *Avitts v. Amoco Prod. Co.*, 53 F.3d 690, 694 (5th Cir. 1995).

Here, Cannon's allusions to the Federal Debt Collection Practices Act or international treaties cannot form the basis of federal jurisdiction. (*See* Compl. 4.) Cannon merely states that Defendants have violated the FDCPA, but allege no facts in support of this argument. In fact, Cannon quixotically states that details of this claim will only be "revealed to competent authorities for their review." (*Id.*) The Court is neither persuaded that this allegation supports the federal claim nor appreciative of the insinuation that this Court cannot competently review the matters that fall under its

own original jurisdiction.  Likewise, Cannon's references to "Various International Treaties" cannot support federal question jurisdiction without more than a bare recitation of the treaty name itself.  Therefore, the Court finds no basis for subject matter jurisdiction.

## C.    DENIAL OF LEAVE TO AMEND

A complaint that fails to comply with rules 8(a) and 8(e) may be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).  Fed. R. Civ. P. 8; *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673 (9th Cir. 1981).  Further, "[t]he propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit." *McHenry*, 84 F.3d at 1179.  When a complaint fails to comply with the requirements of Rule 8(a), the district court has the power, on motion or *sua sponte*, to dismiss the complaint or to strike those parts of the complaint that are redundant or immaterial. *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995).  Such a dismissal without leave to amend is rarely entered, and is reserved for "cases in which the complaint is [ ] confused, ambiguous, vague, otherwise unintelligible . . . ." *Omar v. Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) (observing that trial court may dismiss a claim *sua sponte* pursuant to Rule 12(b)(6) without notice "where the claimant cannot possibly win relief").

While the Court ordinarily would permit a pro se plaintiff to amend, amendment to cure defective jurisdictional allegations is proper only to correct "incorrect statements about jurisdiction that actually exist[], and not defects in the jurisdictional facts themselves." *Bull HN Info. Sys. Inc. v. Hutson*, 184 F.R.D. 19, 22 (D. Mass. 1999) (citing *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 830–31 (1989)).  Moreover, in any event, leave to amend should not be granted where it appears amendment would be futile. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336 (9th Cir. 1996).

This case appears to be the exceptional case where dismissal without leave to amend is appropriate. The court concludes that the complaint is frivolous, provides

insubstantial support for federal subject matter jurisdiction, and cannot be amended to state a claim for which relief can be granted.  Amendment of the complaint would therefore be futile.

## IV.  CONCLUSION

For the reasons discussed above, the Court **DISMISSES** the complaint in its entirety without leave to amend.  The Clerk is directed to close the case.

**IT IS SO ORDERED.**

February 25, 2016

_____
**HON. OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**